**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CARRIE DOUGLAS, et al., )<br>)<br>                Plaintiff, )<br>vs. )<br>)<br>ARAMARK, et al., )<br>)<br>                Defendant. ) | No. 1:09-cv-000912-DFH-TAB |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

**I.**

The plaintiffs' motion for a restraining order (dkt 13) is **denied.** The plaintiffs ask this court to prohibit staff at the Wabash Valley Correctional Facility from denying them "proper" access to the prison law library because they are concerned that they will not be permitted sufficient library time to pursue their claims.

The plaintiffs describe a general condition associated with their incarceration. The plaintiffs do not link the greater access they implicitly seek, however, to the further development of their claims in this action, and in particular do not link that access to a need to meet any deadlines or prepare in any required fashion for discovery or other activity in this case. The Supreme Court has held that a state has no affirmative duty to "enable the prisoner to discover grievances, and to litigate effectively once in court." *Lewis v. Casey,* 518 U.S. 343, 354 (1996). What the plaintiffs appear to seek to vindicate, therefore, is a freestanding right to greater law library access. Because the teaching of *Lewis* is that an inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim, the plaintiffs' request for intervention at this point is unwarranted. If a particular deadline is imposed and they encounter a specific problem in proceeding with that, however, the court may adjust the schedule or make other arrangements to accommodate their circumstances.

**II.**

The plaintiffs' objection to the removal of this case to federal court (dkt 14) is **denied**. This case is brought pursuant to 42 U.S.C. § 1983 and the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.  The plaintiffs identify no deficiency in the removal, but point out that a state court may have concurrent jurisdiction over their federal claims. This fact alone does not make removal improper.

**III.**

The plaintiffs' power of attorney (dkt 16) is **ineffective**.  The plaintiffs can either represent themselves or acquire the services of an attorney licensed to practice law in this court. They cannot represent each other. 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986)

**IV.**

The plaintiffs also move the court to appoint counsel for them. When faced with a request to recruit counsel, a district court must consider whether the plaintiff has made reasonable attempts to find counsel and whether the plaintiff has demonstrated an ability to litigate his or her case. See *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). The plaintiffs' motion for appointment of counsel fails the first hurdle of this test because it does not recite any attempt on their part to find representation. *Farmer v. Haas,* 990 F.2d 319 (7th Cir. 1993)(the court must deny "out of hand" a request for counsel made without a showing of such effort).  The motion for counsel (dkt 15) is therefore **denied**.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: August 14, 2009

Distribution:

Carrie Douglas
885379
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Joshua James Davies
998190
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Matthew James Schafer
Drewry Simmons Vornehm, LLP
mschafer@drewrysimmons.com

Thomas J. Grau
Drewry Simmons Vornehm, LLP
tgrau@drewrysimmons.com