UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CARRIE DOUGLAS, ) | |
| JOSHUA J. DAVIES, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | No. 1:09-cv-00912-LJM-TAB |
| ) | |
| ARAMARK, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

Having considered the civil rights complaint of plaintiffs Carrie Douglas and Joshua J. Davies, and having also conducted the screening required by 28 U.S.C. § 1915A, the court finds that the action must be dismissed. This conclusion is based on the following facts and circumstances:

1. Because Douglas and Davies are "prisoners," their complaint is subject to screening pursuant to 28 U.S.C. § 1915A. This statute requires the court to dismiss the complaint or any claim within the complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To avoid dismissal of the action pursuant to 28 U.S.C. § 1915A(b), the complaint must state a claim upon which relief can be granted. "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

2. The plaintiffs are inmates at the Wabash Valley Correctional Facility ("Wabash Valley"), an Indiana prison. They present a common claim and Davies presents a claim specific to himself.

3.      The common claim presented by the plaintiffs is the tired contention that inmates are entitled to wages prescribed under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. They also allege that their Thirteenth Amendment right to be free from involuntary servitude was violated because of the nominal compensation paid to them while performing job assignments at Wabash Valley. These contentions have been authoritatively rejected, see *Sanders v. Hayden*, 544 F.3d 812, 814 (7th Cir. 2008), and *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992), leaving them without a federally secured right to vindicate under 42 U.S.C. § 1983. *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

4.      Plaintiff Davies asserts as a claim unique to his own circumstances, this being his claim for the loss of earned credit time because of a disciplinary proceeding. This claim must be dismissed without prejudice. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

### III.

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  12/02/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana